IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10398
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY JOE ALEXANDER,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CR-1-1
- - - - - - - - - - -
March 12, 1998
Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

Bobby Joe Alexander appeals his conviction by a jury for one count of possession of counterfeit obligations in violation of 18 U.S.C. § 472 and two counts of possession of counterfeit securities in violation of 18 U.S.C. § 513(a).  He argues that the district court abused its discretion in admitting extrinsic evidence of various counterfeit identification documents and other counterfeit obligations.  He contends that this evidence was not relevant to the charged offenses, and that the probative

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

value of this evidence, if any, was substantially outweighed by its prejudicial effect.

The extrinsic evidence was highly probative as to the issue of Alexander's intent to commit the charged offenses. See United States v. Gordon, 780 F.2d 1165, 1173 (5th Cir. 1986). The evidence also shows that the documents were part of an overall scheme or plan to defraud using counterfeit documents. See United States v. Krezdorn, 639 F.2d 1327, 1331 (5th Cir. Unit A 1981). Any undue prejudice was minimized by the district court's limiting jury instruction. See United States v. Ponce, 8 F.3d 989, 994 (5th Cir. 1993). Furthermore, in view of the overwhelming evidence against Alexander, including his confessions to the police and the Secret Service, any error in admitting the evidence was harmless. See United States v. Tomblin, 46 F.3d 1369, 1387-88 (5th Cir. 1995).

The judgement is AFFIRMED.